IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GREG ATKINS<br>2816 Braeburn Lane<br>Chesapeake Beach, MD 20732<br><br>PLAINTIFF,<br><br>v.<br><br>SUNBELT RENTALS, INC.<br>611 Templeton Ave.<br>Charlotte, NC 28203<br><br>   Serve:  The Corporation Trust Incorporated<br>            351 West Camden Stret<br>            Baltimore, MD 21201<br><br>DEFENDANT. | Case No. _____ |

## COMPLAINT

Plaintiff Greg Atkins ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Defendant Sunbelt Rentals, Inc. ("Defendant"), to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") and for unpaid wages, interest, reasonable attorney's fees, and costs under the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq.* (hereinafter "MWHL").

### PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the state of Maryland. Plaintiff's consent to participate as a Plaintiff in an FLSA Action is attached hereto as Exhibit 1.

2. Defendant is incorporated in the State of Maryland with a resident agent in Baltimore, Maryland.

3. At all times relevant to this action, Defendant operated continuously in the State of Maryland and surrounding states, dismantling, erecting, and laying service piping.

4. At all times relevant to this action, Defendant was an enterprise engaged in interstate commerce within the meaning of the FLSA.

5. At all times relevant to this action, Defendant was Plaintiff's employer within the meaning of the FLSA and MWHL.

6. This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391.

## EQUITABLE TOLLING

7. When transitioning Plaintiff from a salaried to an hourly employee, Defendant told Plaintiff the change was due to a new federal law that required him to be reclassified. Misrepresenting the reason for Plaintiff's reclassification caused a delay in Plaintiff asserting his overtime claims.

8. In consideration of the foregoing, it is proper to toll Plaintiff's Federal overtime claims to include the entirety of Plaintiff's employment with Defendant.

## FACTS

9. Plaintiff is currently employed by Defendant and has been employed by Defendant since 2001.

10. Throughout the course of Plaintiff's employment, Plaintiff worked as a field foreman. Plaintiff dismantled, erected, and laid temporary service piping and electric lines.

11. From 2001 through August of 2013 (the "Relevant Time Period"), Defendant paid Plaintiff a salary for all hours worked.

12. From 2010 through 2013, Plaintiff had a salary of $87,000.00. Defendant paid Plaintiff $50,750.00 of his salary from January through July, 2013.

13. In August of 2013, Defendant moved Plaintiff off of salary and reclassified him as an hourly employee.

14. Defendant justified this reclassification to Plaintiff by saying there had been a change in the law, which required Plaintiff to be paid overtime.

15. In reality, there was no change in the law, and Plaintiff should have been paid overtime throughout the course of his employment.

16. At all times throughout the Relevant Time Period, Plaintiff typically and customarily worked about sixty (60) hours per week.

17. At all times throughout the Relevant Time Period, Defendant had knowledge that Plaintiff typically worked about sixty (60) hours per week or suffered or permitted Plaintiff to work about sixty (60) hours per week.

18. At all times throughout the Relevant Time Period, Defendant paid Plaintiff his salary for all hours worked each week including overtime hours worked each week in excess of forty (40).

19. At no time did Plaintiff perform work that meets the definition of exempt work under the MWHL or FLSA.

20. Defendant's failure to pay Plaintiff as required by the MWHL and FLSA was willful and intentional, and was not in good faith.

21. Defendant knew Plaintiff was misclassified as a salaried employee and paid other similarly situated employees at other branches overtime wages at a rate of one-and-one-half (1½) times their regular rate of pay. Defendant also paid other employees at Plaintiff's branch overtime wages.

22. To cover their mistake, Defendant reclassified Plaintiff as an hourly employee, citing a bogus "change in the law." After this reclassification, Plaintiff's job duties, responsibilities, and title remained unchanged.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

23. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-22 above, as if each were set forth herein.

24. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

25. Plaintiff is an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant is his "employer" under FLSA, 29 U.S.C. § 207(a)(2).

26. Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times his regular rate for all hours worked per week in excess of forty (40).

27. As set forth above, while in Defendant's employ, Plaintiff worked many overtime hours.

28. As set forth above, while in Defendant's employ, Defendant failed and refused to compensate Plaintiff at the FLSA required overtime rate equal to one-and-one-half (1½) times his regularly hourly rate for overtime hours worked each week.

29. Defendant's failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of Maryland Wage and Hour Law

30. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-29 above, as if each were set forth herein.

31. Plaintiff is an "employee" and Defendant is Plaintiff's "employer" within the meaning of the MWHL.

32. As Plaintiff's "employer," Defendant was obligated to pay Plaintiff at the rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for hours worked each week in excess of forty (40) as required by the MWHL.

33. While in Defendant's employ, Plaintiff worked many overtime hours but was not properly compensated by Defendant for those overtime hours worked.

34. Overtime pay is due and owing to Plaintiff under the MWHL.

35. Defendant's failure to pay Plaintiff for overtime hours worked as required by the MWHL was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count II for unpaid overtime wages in such amounts as are proven at trial, plus interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

*/s/ Philip B. Zipin*

Philip B. Zipin, Bar Number: 03932
Michael K. Amster, Bar Number: 18339
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: pzipin@zagfirm.com
mamster@zagfirm.com

*Counsel for Plaintiff*